UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
                                          :
Gerald Thompson,                          :
                                          :    CASE NO. 1:13-CV-00550
            Plaintiff,                    :
                                          :
vs.                                       :    OPINION & ORDER
                                          :    [Resolving Doc. No. 8]
United States of America,                 :
                                          :
            Defendant.                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action brought under the Federal Tort Claims Act (FTCA), Plaintiff Gerald Thompson sues Defendant United States of America for medical malpractice. Thompson says that Department of Veterans Affairs employees failed to properly treat his right leg, which eventually required amputation.[1] The United States now moves to dismiss the complaint.[2] It says that Thompson failed to attach an affidavit of merit to his complaint, as required by Rule 10(D)(2) of the Ohio Rules of Civil Procedure. For the following reasons, the motion is DENIED.

I.

In 2005, in response to the Ohio Legislature's passage of so-called "tort reform," the Ohio Supreme Court amended Rule 10 of the Ohio Rules of Civil Procedure.[3] Ohio Rule 10, which governs the forms of civil pleadings, now included a requirement that "a complaint that contains a

---

[1] Doc. 1.
[2] Doc. 8.
[3] *See* Fletcher v. Univ. Hosps. of Cleveland, 897 N.E.2d 147 (Ohio 2008).

Case No. 1:13-CV-00550
Gwin, J.

medical claim" shall include an affidavit of merit provided by an expert witness.[4/] The affiant must aver that she has reviewed the relevant medical records, is familiar with the standard of care, and believes that the named defendants breached that standard.[5/]

The Ohio General Assembly required an affidavit of merit as one of many measures enacted by the Ohio Legislature to reduce medical malpractice actions. In 2004, through House Bill 215, the Ohio Legislature: excepted statements of apology or remorse from malpractice proceedings; made it easier for defendants to exit lawsuits by filing affidavits of noninvolvement; restricted a plaintiff's testifying expert to a person in the same or substantially similar specialty as the defendant; expedited the discovery process in medical liability claims; and required the filing of an affidavit of merit, or "a certificate of expert review," with a medical malpractice complaint.[6/] Governor Bob Taft, upon signing House Bill 215 into law, said that "[s]igning these bills is a good start to stabilizing the malpractice insurance market and keeping good doctors here in Ohio, but it is only a start."[7/] Lest the purpose of the rule be misunderstood, the Supreme Court of Ohio has pointed out that

> [c]learly, the purpose behind the rule is to deter the filing of frivolous medical-malpractice claims. The rule is designed to ease the burden on the dockets of Ohio's courts and to ensure that only those plaintiffs truly aggrieved at the hands of the medical profession have their day in court. To further this end, Civ. R. 10(D)(2) expressly made it clear that the affidavit is necessary in order to establish the adequacy of the complaint.[8/]

Similar rules have sprung up around the country, often encouraged by federal policies.[9/]

---

[4/] Ohio R. Civ. P. 10(D)(2)(a).
[5/] *Id.*
[6/] *See* Ohio H.B. 215 (2004).
[7/] *Taft Signs Medical Malpractice Legislation*, The Business Journal (June 14, 2004).
[8/] *Fletcher*, 897 N.E.2d at 170 (alterations and omissions omitted).
[9/] *See* Benjamin Grossberg, Comment, *Uniformity, Federalism, and Tort Reform: The* Erie *Implications of Medical Malpractice Certificate of Merit Statutes*, 159 U. Pa. L. Rev. 217, 220 (2010) (In the lead-up to the passage of the Patient Protection and Affordable Care Act, congressional leaders sought to introduce amendments "encouraging states to implement certificate of merit legislation." Doing so would permit a state to receive incentive payments from

Case No. 1:13-CV-00550
Gwin, J.

II.

The federal government's liability under the FTCA "is determined in accordance with the law of the state where the event giving rise to liability occurred."[10] Under this analysis, this Court applies state substantive law and federal procedural law.[11] A law is substantive if it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court."[12] When attempting to answer this question, the Court must consider "the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws."[13]

The United States says that Ohio Rule 10(D)(2) is substantive and applies in these proceedings. Therefore, the United States says, Plaintiff Thompson's failure to file an affidavit of merit requires dismissal of his complaint. The United States's argument puts the cart before the horse. As discussed below, the substantive/procedural distinction is a secondary question; the Court must first resolve whether there are applicable federal rules that occupy the field in question.

A. Hanna *and its progeny*

Perhaps the best place to start is with the Supreme Court's first foray into the effects of the *Erie* rule on the Federal Rules of Civil Procedure. In *Hanna v. Plumer*, 380 U.S. 460 (1965), the Supreme Court held that a federal court sitting in diversity "must determine whether a Federal Rule

---

the Department of Health and Human Services. Although that amendment was left out of the final bill, President Obama did create a similar incentive program through the Agency for Healthcare Research and Quality.).

[10] *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995).

[11] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The Court notes, however, that it is questionable whether *Erie* ought to apply to FTCA actions; forum shopping concerns are not present because the federal courts retain exclusive jurisdiction over such claims. 28 U.S.C. § 1346(b) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . ."). Nevertheless, the Court need not jump into that issue today.

[12] *Hanna v. Plumer*, 380 U.S. 460, 466 (1965).

[13] *Id.* at 468.

-3-

Case No. 1:13-CV-00550
Gwin, J.

directly 'collides' with the state law it is being urged to apply."[14] If such a collision exists, the Federal Rule must be applied so long as it is constitutional and within the scope of the Rules Enabling Act.[15] It is only *after* this analysis, and a finding of harmony as opposed to collision, that the federal court should concern itself with whether the state rule in question is a substantive one.[16]

So, first, this Court must consider whether Ohio's affidavit of merit rule directly conflicts with one of the Federal Rules of Civil Procedure. The Supreme Court has repeatedly addressed what constitutes a "direct collision," though the terrain is a bit rocky.[17]

Most recently, the Supreme Court found that Federal Rule 23, the rule governing class actions, conflicted with New York's rule barring class actions for certain statutory penalties.[18] Justice Scalia, writing for three other Justices (and with Justice Stevens concurring in the judgment), found that Rule 23:

> provides a one-size-fits-all formula for deciding the class-action question. Because [the New York rule] attempts to answer the same question—i.e., it states that Shady Grove's suit "may *not* be maintained as a class action" (emphasis added) because of the relief it seeks—it cannot apply in diversity suits unless Rule 23 is ultra vires.[19]

And, importantly for our purposes, the Court rejected the argument that the New York rule addressed an antecedent issue; that is, that the state rule concerned which types of claims are eligible for class treatment, while the federal rule concerned the certification process for those eligible claims. Justice

---

[14]*Chamberlain v. Giampapa*, 210 F.3d 154, 159 (3d Cir. 2000) (citing *Hanna*, 380 U.S. at 470-74).
[15]*Id.*
[16]*See Hanna*, 380 U.S. at 473 ("The purpose of the *Erie* doctrine . . . was never to bottle up federal courts with 'outcome-determinative' and 'integral-relation' stoppers—when there are affirmative countervailing (federal) considerations and when there is a Congressional mandate (the Rules) supported by constitutional authority.") (quotation omitted); *see also Chamberlain*, 210 F.3d at 159 ("If a 'direct collision' does *not* exist, then the court applies the *Erie* rule to determine if state law should be applied.") (citing *Hanna*, 380 U.S. at 470).
[17]*See* Grossberg, *supra* note 9, at 231-42.
[18]*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010).
[19]*Id.* at 1437.

-4-

Case No. 1:13-CV-00550
Gwin, J.

Scalia found "the line between eligibility and certifiability" to be "entirely artificial."[20]

Thus, post-*Shady Grove*, a federal rule that allows an action stops additional state rules that would give a different result. Or, as one commentator says, "because the Court viewed Rule 23 as setting forth sufficient, rather than necessary, criteria for bringing class actions, state laws imposing further duties conflicted with Rule 23 and would not be enforced in federal court."[21]

*Shady Grove* added to the previous analysis of direct collision, which includes allowing for use of the state rule if both the state and federal rules "can exist side by side . . . each controlling its own intended sphere of coverage without conflict."[22] Importantly, in *Ricoh*, the Supreme Court expanded the "direct collision" framework to permit use of the federal rule if that rule is "sufficiently broad to control the issue before the Court."[23]

Against this backdrop, the Court now considers whether relevant Federal Rules of Civil Procedure are so broad.

B. The Federal Rules' Pleading Requirements

The majority of courts have found state affidavit of merit statutes applicable in federal proceedings.[24] But, those decisions from this district conduct an *Erie* analysis and rest on a finding that the Ohio rule is substantive—and thus presume that there is no collision with a federal

---

[20] *Id.* at 1438.
[21] *See* Grossberg, *supra* note 9, at 240.
[22] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752 (1980)).
[23] *Id.* at 26 n.4. *See also* Grossberg, *supra* note 9, at 240 ("If the federal enactment's discretionary mode of operation conflicts with the nondiscretionary provisions of state law, the federal enactment applies in diversity even if wholly different policy concerns animate the state law.") (alterations and quotation marks omitted).
[24] *See Kollin v. City of Cleveland*, No. 1:11-cv-2605 (N.D. Ohio May 24, 2013); *Bierbauer v. Manetti*, No. 4:09–cv–2142, 2010 WL 4008835 (N.D. Ohio October 12, 2010); *Daniel v. United States*, 716 F.Supp.2d 694 (N.D. Ohio 2010); *Perotti v. Medlin*, No. 4:05–cv–2739, 2009 WL 723230 (N.D. Ohio March 16, 2009); *Nicholson v. Catholic Health Partners*, No. 4:08–cv–2410, 2009 WL 700768 (N.D. Ohio March 13, 2009).

Case No. 1:13-CV-00550
Gwin, J.

enactment. The only other court in this district that spoke to the issue found Ohio Rule 10(D)(2) was not incorporated into the federal action, because the rule "states a procedural rule of law that does not apply in this case as a result of a direct conflict with the Federal Civil Rules."[25] The United States Court of Appeals for the Sixth Circuit has yet to address the issue.

For the following reasons, the Court finds that the Ohio affidavit of merit requirement conflicts with a number of Federal Rules that occupy their respective spaces. As such, an *Erie* analysis is unnecessary.

First, the Ohio Rule conflicts with Federal Rules 8 and 9. Under Rule 8, a pleading "that states a claim for relief" must contain three things: a statement of the court's jurisdiction, a "short and plain statement" showing entitlement to relief, and a demand.[26] Notice that the plain text of the rule's introductory clause envisions that these three elements are all that is necessary to constitute a "claim for relief." The rule's structure suggests that no more is needed, especially not evidentiary material like that required by the Ohio Rule. The simplicity of Rule 8 is its beauty; "[t]here are no magic words, no requirement that a case fit any particular model or design, and no mandate for specificity of facts, claims, or evidence."[27] What Defendant would have this Court do is read the introductory clause out of Rule 8, and allow Rule 8 to set out only necessary, but not sufficient, elements of a cause of action.

But federal enactments are presumed to directly collide with state rules when the federal rule is "sufficiently broad to control the issue."[28] Rules 8 and 9 lay out a comprehensive scheme of which

---

[25] *Muncy v. Siefker*, No. 3:12-cv-2301, 2013 WL 1284233 (N.D. Ohio March 26, 2013).
[26] Fed. R. Civ. P. 8(a).
[27] Mary Margaret Penrose & Dace A. Caldwell, *A Short and Plain Solution to the Medical Malpractice Crisis: Why Charles E. Clark Remains Prophetically Correct About Special Pleading and the Big Case*, 39 Ga. L. Rev. 971, 1006 (2005).
[28] *Ricoh Corp.*, 487 U.S. at 26 n.4.

-6-

Case No. 1:13-CV-00550
Gwin, J.

types of cases are subject to a notice pleading requirement, and which are subject to a heightened pleading standard.[29/] And Rule 9, which limits itself to specific types of cases, is the exception to the rule. That is, that all civil litigation is subject to the requirements of Rule 8, except for those specific situations—allegations of fraud or mistake, conditions precedent, special damages, or admiralty claims—that are subject to Rule 9.[30/] Defendant's position makes Plaintiff's medical malpractice claim subject to neither Rule 8 (because that rule requires less) nor Rule 9 (because that rule requires more).

The tension between the federal pleading rules and Ohio's affidavit of merit requirement mirrors the *Shady Grove* conflict. And though much of that opinion is fractured, the opinion is clear that New York's limitation on certain types of class actions does not curb Federal Rule 23's certification process. So too here: the federal pleading rules tell a litigant how to plead to survive a motion to dismiss for failing to state a claim. Plaintiff Thompson followed those rules. That his case would be subject to a different outcome in state court is of no relevance at this stage of the inquiry.[31/]

Second, adherence to the Ohio Rule subverts Federal Rule 11(a), which says that "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an

---

[29/] *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

[30/] Fed. R. Civ. P. 9.

[31/] *Shady Grove*, 130 S. Ct. at 1448 ("But divergence from state law, with the attendant consequence of forum shopping, is the inevitable (indeed, one might say the intended) result of a uniform system of federal procedure. Congress itself has created the possibility that the same case may follow a different course if filed in federal instead of state court. The short of the matter is that a Federal Rule governing procedure is valid whether or not it alters the outcome of the case in a way that induces forum shopping. To hold otherwise would be to 'disembowel either the Constitution's grant of power over federal procedure' or Congress's exercise of it.") (quoting *Hanna*, 380 U.S. at 473-74).

Case No. 1:13-CV-00550
Gwin, J.

affidavit."[32] Now, of course, if the words "rule or statute" refer to both state and federal enactments, Defendant's argument would be stronger. But, Rule 11's advisory committee notes strongly suggest that the words refer to federal enactments alone. To wit: "This rule expressly continues any statute which requires a pleading to be verified or accompanied by an affidavit, such as [28 U.S.C. § 381], [28 U.S.C. 762], [28 U.S.C. § 829]." Courts disagree on the ambit of this rule, though "every case that has considered this question in the context of certificate of merit statutes has found that the exception does include state statutes," while "virtually every other case that has considered the question in other contexts has concludes that state statutes are excluded."[33] Judge Easterbrook, writing for Judges Posner and Ripple, analyzed the language of Rule 11(a) as follows:

> This means federal rule or federal statute, because state requirements for pleading do not apply in federal litigation. Rules established under the Rules Enabling Act supersede state norms. Federal and state tribunals may (and do) use their own rules of procedure. Sometimes it can be hard to determine whether a given norm is procedural or substantive, but when a federal rule covers the subject it must be applied no matter how the issue is characterized; that's the point of *Walker* and *Hanna*.[34]

Moreover, Ohio's rule—a rule that, at its base, seeks to limit frivolous complaints—infringes on the *representations* element of Federal Rule 11(b). That is, Federal Rule 11 already seeks to ensure that litigants are filing meritorious lawsuits, supported by evidence, and for proper purposes.[35] Ohio's rule upsets a finely crafted and comprehensive scheme.[36]

---

[32] Fed. R. Civ. P. 11(a).

[33] *See* Grossberg, *supra* note 9, at 251. One court within this district has suggested that other state pleading requirements (there, Ohio Rule 10(D)(1)) are not applicable in federal court. *See Deutsche Bank Nat. Trust Co. v. Barton*, No. 1:06-cv-511, 2007 WL 1598067 at *2 n.1 (N.D. Ohio May 30, 2007) ("As noted previously, this Court is applying the Federal Rules of Civil Procedure which does not contain a part D to Rule 10 or otherwise require the attachment of written instruments which form the basis of Plaintiff's claim.").

[34] *Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007).

[35] Fed. R. Civ. P. 11(b).

[36] *See* Grossberg, *supra* note 9, at 253 ("Problematically, certificate of merit statutes requiring the attorney to file a certificate stating that she has consulted with an expert seems to heighten [Rule 11(b)'s] requirement.").

-8-

Case No. 1:13-CV-00550
Gwin, J.

Finally, the Court notes that the United States makes no argument that any of the rules discussed above are improperly enacted. Upon a finding of a direct collision between a federal enactment and a state rule, this Court "must decide whether application of the federal rule represents a valid exercise of the rule making authority bestowed on [the Supreme Court] by the Rules Enabling Act."[37] Should the federal rule "abridge, enlarge or modify and substantive right," it is presumed invalid.[38] The Defendant does not make this argument and the Court need not engage in an analysis of whether these rules are consonant with the Rules Enabling Act. Regardless, the Court notes that the rules at issue have been found to be duly enacted.[39]

### III.

Ohio Rule 10(D)(2) seeks to impose additional burdens on medical malpractice plaintiffs that are not required by the applicable federal rules. But, Federal Rules 8, 9, and 11 are "sufficiently broad,"[40] so as to control the issue before this Court and preclude the applicability of the Ohio

---

[37] *Shady Grove*, 130 S. Ct. at 1451 (Stevens, J., concurring) (quotations, citations, and alterations omitted).

[38] 28 U.S.C. § 2072(b).

[39] *See Windy City Metal Fabricators & Supply Inc. v. CIT Tech. Fin. Serv.*, 536 F.3d 663, 672 (7th Cir. 2008) ("There is, moreover, no basis for concluding that the regulation of pleading requirements in federal court is beyond the limits of federal constitutional authority."); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters, Inc.*, 498 U.S. 533, 552 (1991) ("There is little doubt that Rule 11 is reasonably necessary to maintain the integrity of the system of federal practice and procedure, and that any effect on substantive rights is incidental.").

[40] *Ricoh*, 487 U.S. at 26 n.4.

Case No. 1:13-CV-00550
Gwin, J.

requirement. The United States' motion to dismiss is DENIED.

      IT IS SO ORDERED.


Dated: July 10, 2013                                      s/      *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE